UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARRIELL SPROAPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-1243-RLW |
| | ) |
| SSM HEALTH ST. LOUIS UNIVERSITY HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Marriell Sproaps's application to proceed in district court without prepaying fees or costs pursuant to 28 U.S.C. § 1915. ECF No. 2. Upon consideration of the financial information provided therein, the Court is unable to determine if plaintiff is able to pay the $402 filing fee at this time. Therefore, the Court will direct plaintiff to submit an amended application clarifying his current gross and take-home pay. If plaintiff fails to timely comply, the Court will deny his motion to proceed *in forma pauperis*.

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.* First, the Court must determine whether the applicant qualifies by economic status; second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, plaintiff submitted an affidavit of financial status stating he is without means to pay the fees and costs associated with his instant lawsuit. ECF No. 2. However, plaintiff indicates he has $3,000 in cash or in a checking or savings account. *Id.* at 2. He further attests he receives $1,320 in "gross pay or wages" and $5,280 in "take-home pay or wages" per month. *Id.* at 1. The Court assumes plaintiff's numbers as shown on the affidavit are incorrect, or at least in written in the wrong place, because gross pay or wages should be higher than take-home pay or wages. As presently submitted, plaintiff's stated expenses do not outweigh his available funds, which disqualifies him from the privilege of proceeding *in forma pauperis*. *See e.g.*, *Andrews*, 2005 WL 2403449, at *1 (denying *in forma pauperis* status to plaintiff who reported a net income of $1,934.00 per month and $200.00 of available cash funds).

Due to plaintiff's self-represented status and his attestation that he is currently unhoused and sleeping in his vehicle, the Court will permit him the opportunity to file an amended application to clarify his gross and take-home pay or wages so the Court may determine whether he meets the economic requirements for *in forma pauperis* status.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's form Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or submit the completed Application to Proceed in District Court without Prepaying Fees or Costs, in accordance with the instructions set forth herein, by **October 18, 2023**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply fully and timely with this Order, the Court will deny his application for permission to proceed in district court without prepaying fees or costs.

_/s/ Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of October, 2023.