**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARRIELL SPROAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1243 RLW |
| ) | |
| SSM HEALTH ST. LOUIS UNIVERSITY ) | |
| HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of self-represented plaintiff Marriell Sproaps for leave to commence this civil action without prepayment of the required filing fee. ECF Nos. 2 and 5. Having reviewed the financial information submitted in support, the Court will grant the motions and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). As plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, and for the reasons explained below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who has filed the instant 'Civil Complaint' against defendant SSM Health Saint Louis University Hospital ("SSM Health"). ECF No. 1. Plaintiff alleges defendant violated the Emergency Medical Treatment and Active Labor Act of 1986

2

("EMTALA"), 42 U.S.C. § 1395dd, between the dates of January 9, 2023 and January 12, 2023. *Id.* at 3, 5. Plaintiff's statement of claim is as follows in its entirety:

> Failed to meet regulations related to Emergency Medical Treatment and Labor Act.
>
> Failed to arrange for receiving physician to assume care.
>
> Failed to treat patient with dignity and respect.
>
> Abandoning patient.
>
> Failure to provide quality care.
>
> Assault and harassed.
>
> Federal Violation of EMTALA.

*Id.* at 5. The section for plaintiff to state what relief he seeks has been left blank. *Id.* at 5.

Attached to the complaint are two letters, dated February 16, 2023 and June 13, 2023, addressed to plaintiff from the Missouri Department of Health and Senior Services ("MDHSS"). ECF No. 1-1. The first letter acknowledges the receipt of plaintiff's grievance about the "care and services provided at SSM Health Saint Louis University Hospital," and confirms that his issues would be investigated. *Id.* at 1. The second letter indicates that after an on-site investigation the MDHSS "determined the hospital failed to meet the regulations related to [the] Emergency Medical Treatment and Labor Act," and confirmed the "hospital has put in place corrections to resolve th[e] failure and also put in place a system to monitor that the corrections are maintained." *Id.* at 2.

## Discussion

Congress enacted EMTALA to "address a distinct and rather narrow problem – the 'dumping' of uninsured, underinsured, or indigent patients by hospitals who did not want to treat

3

them."[1] *Summers v. Baptist Med. Ctr. Arkadelphia*, 91 F.3d 1132, 1136 (8th Cir. 1996). EMTALA imposes two requirements on hospitals with emergency departments: (1) to provide "an appropriate medical screening examination" for any individual who comes to its emergency room seeking treatment to determine whether the individual has an emergency medical condition; and (2) if such serious medical condition does exist, stabilization of the medical condition prior to transferring or discharging the patient. 42 U.S.C. § 1395dd(a).

EMTALA defines an "emergency medical condition" as one that "manifest[s] itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in," the following:

> (i) placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or her unborn child) in serious jeopardy,
>
> (ii) serious impairment to bodily functions, or
>
> (iii) serious dysfunction of any bodily organ or part[.]

*Id.* at § 1395dd(e)(1).

In the event a hospital determines an individual to be experiencing an emergency medical condition, it must provide either: "(A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or (B) for transfer of the individual to another medical facility in accordance with subsection (c) [restricting transfers until individual stabilized]." *Id.* at § 1395dd(b). If a hospital fails to meet these requirements, EMTALA contains a civil enforcement provision which provides

---

[1] By its terms, EMTALA applies to "participating hospitals," meaning hospitals that have Medicare provider agreements with the Secretary of Health and Human Services. *See* 42 U.S.C. § 1395dd(2); *Hunt ex rel. Hunt v. Lincoln Cnty. Mem. Hosp.*, 317 F.3d 891, 893 n.4 (8th Cir. 2003). It appears from the attachments to the complaint that defendant SSM Health is a participating hospital under EMTALA.

4

a harmed individual with a private right of action to recover those damages available for personal injury under the law of the state where the hospital is located. *Id.* at § 1395dd(d)(2)(A).

Importantly, EMTALA does not "create[ ] a general federal cause of action for medical malpractice in emergency rooms." *Summers*, 91 F.3d at 1137. "EMTALA is not a federal malpractice statute and it does not set a national emergency health care standard; claims of misdiagnosis or inadequate treatment are left to the state malpractice arena." *Id.* "Rather, . . . EMTALA focuses on uniform treatment of patients presented in hospital emergency departments." *Hunt ex rel. Hunt v. Lincoln Cnty. Mem'l Hosp.*, 317 F.3d 891, 894 (8th Cir. 2003). "Patients are entitled under EMTALA, not to correct or non-negligent treatment in all circumstances, but to be treated as other similarly situated patients are treated, within the hospital's capabilities." *Summers*, 91 F.3d at 1138. *See also Vickers v. Nash Gen. Hosp., Inc.*, 78 F.3d 139, 144 (4th Cir. 1996) ("disparate treatment of individuals perceived to have the same condition is the cornerstone of an EMTALA claim"). Therefore, "a claim under EMTALA requires a showing of a lack of uniform treatment with other similarly situated patients." *Mead v. Salem Mem'l Dist. Hosp.*, 2008 WL 205273, at *3 (E.D. Mo. Jan. 23, 2008) (citing *Summers*, 91 F.3d at 1138).

As currently drafted, plaintiff's complaint does not state facts sufficient to support a claim that he was denied an appropriate medical screening examination, had an emergency medical condition that needed to be stabilized, or received different treatment than other similarly situated patients. Plaintiff does not describe the circumstances of his emergency medical condition. He does not provide any non-conclusory facts describing how the defendant hospital failed to provide an appropriate medical screening or how it failed to stabilize his condition in violation of EMTALA.

To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010); *see Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). *See also Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). Thus, while the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Plaintiff must present **facts** as opposed to conclusions and broad accusations. "A federal complaint must contain the 'who, what, when and where' of what happened[.]" *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

In consideration of plaintiff's self-represented status, the Court will direct plaintiff to file an amended complaint. Plaintiff must file his amendment in compliance with the instructions below. Failure to timely and fully comply will result in this action being dismissed without prejudice and without further notice.

### Instructions for Filing an Amended Complaint

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that any claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the

amended complaint on the Court-provided civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Plaintiff must be careful to fill out the Court-provided complaint form in its entirety, including the "Relief" section.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff must provide specific factual allegations against the defendant. The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer*, 849 F.3d at 404. In other words, plaintiff should identify the medical condition he experienced, and state what the defendant hospital did or failed to do that he believes violated EMTALA. Plaintiff should use complete sentences in providing the statement of his claim.

Although plaintiff attached two letters from MDHSS to the complaint, and MDHSS found the defendant hospital committed a violation, this does not relieve plaintiff of his obligation to assert a proper Statement of Claim as required by the Federal Rules of Civil Procedure. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"); *Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983) (stating that the failure to comply with Fed. R. Civ. P. 8 made action subject to dismissal); and *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* [ECF Nos. 2, 5] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form **by November 16, 2023**, in accordance with the instructions set out above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint **by November 16, 2023**, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of October, 2023.