**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MARRIELL SPROAPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1243 RLW |
| | ) | |
| SSM HEALTH SAINT LOUIS | ) | |
| UNIVERSITY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant SSM-SLUH, Inc., d/b/a SSM

Saint Louis University Hospital ("SSM-SLUH") to Set Aside the Clerk's Entry of Default.   (ECF

No. 24).   Plaintiff Marriell Sproaps opposes the motion.  (ECF No. 28).   For the following

reasons, the Court will grant the motion.


**I.   BACKGROUND**

Plaintiff filed his pro se complaint against SSM-SLUH on October 3, 2023, asserting

claims under the Emergency Medical Treatment and Labor Act ("EMTALA") and other laws.

(ECF No. 1.)   SSM-SLUH'S registered agent received a copy of the Summons and Complaint on

February 12, 2024.   (ECF. No 15.)   On March 28, 2024, Plaintiff moved for the Clerk's Entry of

Default.   (ECF No. 19.)   On April 4, 2024, the Clerk granted Plaintiff's motion for Entry of

Clerk's Entry of Default and entered a default against SSM-SLUH pursuant to Rule 55(a), Federal

Rules of Civil Procedure.   (ECF No. 21.)   On April 12, 2024, counsel entered an appearance on

behalf of SSM-SLUH and filed the instant motion to set aside the Clerk's entry of default.   (ECF Nos. 22-24.)

## II.   DISCUSSION

An entry of default under Rule 55(a) will not automatically be set aside.   Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause.   The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)."   Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008).   Where a defaulting party does not show good cause for the default as required by Rule 55(c), however, a court does not abuse its discretion in declining to consider the meritoriousness of the party's defense or the potential prejudice to the plaintiff from setting aside the entry of default. McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 320 (8th Cir. 1997).

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party."   Johnson, 140 F.3d at 784.   In so doing, Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines.   We have rarely, if ever, excused the former."   Id. (citations omitted).   In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice."   Id. (citations omitted).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party."   Stephenson, 524 F.3d at 914 (internal quotations and citations omitted).   "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default."   Id. (cleaned up).   With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff."   Id. at 915.   "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."   Id. (internal quotations and citations omitted).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment.   See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).   "The entry of default judgment should be a rare judicial act."   Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (internal quotation and citation omitted).

In support of its motion, SSM-SLUH argues that its failure to timely respond to the Complaint was the result of excusable neglect and not caused by bad faith or contumacious or intentional delay of these proceedings.   SSM-SLUH specifically notes it did not receive actual notice of the lawsuit until April 9, 2024, when its registered agent, CT Corporation System ("CT Corp."), sent a copy of the Entry of Default to SSM-SLUH.   (Ex. A. Service of Process Transmittal Summary.)   It notes that although CT Corp. received a copy of the Summons and Complaint on February 12, 2024, as indicated on the United States Marshals Service's Process Receipt and Return, (ECF No. 15), CT Corp. did not inform SSM-SLUH or forward it a copy of these documents.   Instead, CT Corp. rejected service because SSM-SLUH's fictitious name was

3

misspelled on the Summons and Complaint.   CT Corp. sent a letter to Plaintiff on February 14, 2024, notifying Plaintiff that it was "not able to forward the [service] documents to any party" because CT Corp. was not the registered agent for an entity with the name indicated on the Summons and Complaint. (Ex. C, Notice of Rejected Service of Process.)   It contends that despite this, Plaintiff did not inform the Court or otherwise attempted to ensure SSM-SLUH had actual notice of this action.   SSM-SLUH contends that because it did not have actual notice of the suit, its failure to timely respond to the Complaint constitutes, at worst, excusable neglect.   It contends it has meritorious defenses to Plaintiff's claims and that Plaintiff will not be prejudiced by any slight delay in this case if the Entry of default is set aside.

Plaintiff opposes the motion, stating he did not receive any documentation of rejected service by SSM-SLUH.   He states SSM-SLUH's registered agent received a copy of the summons and complaint on February 12, 2024, and insists service was effectuated that day.

The Court finds that SSM-SLUH has made an adequate showing of good cause to set aside the entry of default under Rule 55(c).   Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of more neglectful conduct than exists in this case.   See, e.g., Union Pacific R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from default judgment where defendant neglected to file answer because of recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560, 564-65 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of judgment, where defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); Johnson, 140 F.3d at 784-85 (district court abused its discretion in refusing to set aside default that resulted from "poor communication" between defendant, its attorney, and its insurer,

despite Eighth Circuit's finding that defendant and its attorney acted carelessly and even exhibited "cavalier approach" to filing deadline).   The Court further finds there is no prejudice to Plaintiff if the entry of default is set aside.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant SSM-SLUH's Motion to Set Aside the Clerk's Entry of Default is **GRANTED**.   (ECF No. 24)

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default is **VACATED**.   (ECF No. 21)

**IT IS FURTHER ORDERED** that Defendant SSM-SLUH's motion for an extension of time to file its Answer or other response to the complaint is **GRANTED.**   Defendant SSM-SLUH shall have until **May 31, 2024,** to Answer or otherwise respond to the complaint.   (ECF No. 25)

**IT IS FURTHER ORDERED** that Plaintiff's motion for Default Judgment is **DENIED** without prejudice as moot.   (ECF No. 17.)

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of May, 2024.

5